UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD, | No. 2:21-cv-1412 JAM KJN P |
| Plaintiff, | |
| v. | ORDER |
| G. CHURCH, et al., | |
| Defendants. | |

      Plaintiff is a state prisoner, proceeding pro se. On January 10, 2022, plaintiff filed objections to the December 27, 2021 order. Following review of his objections, and in an abundance of caution, plaintiff is granted thirty days from the date of this order to re-file his original complaint that includes a request for relief and bears his signature. Once plaintiff re-files his original complaint, the court will screen the claims raised therein, as well as address plaintiff's request to proceed in forma pauperis. 28 U.S.C. § 1915. Plaintiff is cautioned that failure to re-file his original complaint will result in a recommendation that this action be dismissed. Local Rule 110; Fed. R. Civ. P. 41(b).

      Plaintiff also requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer,

1

935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.  Plaintiff's motion is denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff is granted thirty days from the date of this order in which to re-file his original complaint that includes a request for relief and bears his signature.

2. The Clerk of the Court is directed to send a copy of his original complaint (ECF No. 1).

3. Plaintiff's motion for the appointment of counsel (ECF No. 16) is denied without prejudice.

Dated:  January 18, 2022

/brad1412.ref

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

2