UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD, | No. 2:21-cv-1412 JAM KJN P |
| Plaintiff, | |
| v. | ORDER |
| G. CHURCH, et al., | |
| Defendants. | |

      Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

The Civil Rights Act

To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). In sum, plaintiff must identify the particular person or persons who violated his rights, and set forth specific factual allegations as to how such person violated plaintiff's rights.

Plaintiff's Complaint

Plaintiff states he arrived at California Health Care Facility ("CHCF") on March 12, 2021, with serious medical issues (head trauma, broken right wrist and finger, open wounds, a spinal cord injury, and covered in pepper spray). (ECF No. 1.) Plaintiff claims defendants disregarded these problems and denied him medical treatment. He also alleges he was denied medications for pre-existing conditions (listed as disseminated coccidioidomycosis, ulcerative colitis, and clotting disorder). Further, plaintiff claims kitchen workers Bryant and Kervant denied plaintiff his gluten-free diet, and dietician Byers failed to correct the problem once plaintiff informed Byers. Plaintiff also alleges RN Tegahia allowed prison guards to take plaintiff's food trays. Plaintiff alleges he has lost 30 pounds since arrival at CHCF. (ECF No. 18 at 8.) Also, plaintiff claims that on May 7, 2021, defendants deliberately misrepresented his condition to the court in another action, causing denial of access to the courts and delay in receiving necessary medical treatment,

which has caused his condition to deteriorate. Plaintiff names the following defendants: G. Church, physician and surgeon; Carson, physician and surgeon (SEMS); B. Bryant and C. Kervant, A Yard kitchen workers; E. Byers, A Yard dietician; H. Tegahia, A1B crisis unit RN; Dr. Wynn and Dr. Desortosio, A1B crisis unit psychologists, who appear to be members of plaintiff's IDTT teams. (ECF No. 18 at 6, 8.)

As relief, plaintiff seeks full medical coverage for his pre-existing medical conditions for the next 30 years; reimbursement of all legal and personal property; permission to leave the U.S. and travel to Australia, including a passport, sealed criminal, arrest and prison disciplinary records; grant extraordinary conduct credits (3 days credit for each day served); and pay two witnesses $25,000.00 each to accompany plaintiff to Australia. (ECF No. 18 at 4.)

Discussion

### Eighth Amendment Medical Indifference

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also

4

Farmer, 511 U.S. at 837. This applies to physical as well as mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (*en banc*).

The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131; Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Neither a defendant's negligence nor a plaintiff's general disagreement with the treatment he received suffices to establish deliberate indifference. Estelle, 429 U.S. at 106; Jackson v. McIntosh, 90 F.3d 330, 331 (9th Cir.1996); Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). Evidence that medical caregivers disagreed as to the need to pursue one course of treatment over another is also insufficient, by itself, to establish deliberate indifference. Jackson, 90 F.3d at 332. Rather, the plaintiff must show that the course chosen by the defendants was medically unacceptable under the circumstances. Jackson, 90 F.3d at 332.

Here, the court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. It is unclear whether plaintiff is able to state potentially cognizable Eighth Amendment claims against defendants Bryant, Kervant and Byers. Plaintiff claims they deprived him of his gluten free diet, but it is unclear how long the deprivation took place. Later in his pleading, he alleges that defendant RN Tegehia allowed guards to take plaintiff's food tray on second and third watch, and also alleges there was a delay in replacing food items that were improperly included with his

food tray.  Plaintiff then claims he lost 30 pounds since he arrived in crisis.  Plaintiff's complaint does not make clear whether his weight loss was related to the taking of plaintiff's food or the failure to provide his special diet or his underlying medical conditions.

In addition, plaintiff contends that defendants were deliberately indifferent to plaintiff's medical needs, but plaintiff fails to set forth specific facts supporting such claims as to each named defendant.  Rather, plaintiff states in conclusory fashion that defendants denied all treatment.  However, in an attachment to his declaration, plaintiff provided a copy of a grievance response that states medical records reflect that upon plaintiff's March 12, 2021 arrival, plaintiff had "some injuries to his right hand and wrist described as pain, swelling deformity with areas of bruising and a minor skin tear," and Dr. Carson saw plaintiff and his "wounds were cleansed and dressed with a sling applied to right arm."  (ECF No. 19 at 8.)  Plaintiff's records also noted that plaintiff's preexisting medical concerns were addressed, and "the plan care was reviewed."  (Id.)  Plaintiff was confined to quarters on March 13, 2021.  (Id.)

Duplicative Claim

Plaintiff claims that on May 7, 2021, defendants deliberately misrepresented his condition to the court in another action, causing denial of access to the courts and delay in receiving necessary medical treatment, apparently in connection with the defendants on plaintiff's IDTT teams.  However, court records confirm that plaintiff is pursuing such allegation in another case: Bradford v. Valley, No. 2:21-cv-1414 JAM DMC (E.D. Cal.).  Because plaintiff cannot pursue the same claims in two different actions, the undersigned does not address this allegation, which should not be renewed in any amended complaint.

Improper Relief

Plaintiff is advised that this court is unable to grant his release from prison in a civil rights action.  Rather, plaintiff may only challenge the fact or duration of his custody through a petition for writ of habeas corpus under 28 U.S.C. § 2254.

Leave to Amend

The court determines that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy,

1 a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones
2 v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least
3 some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.
4 Id.  Because plaintiff failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the
5 complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

6 If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
7 about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See, e.g.,
8 West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the complaint must allege in specific terms how
9 each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no
10 liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a
11 defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633
12 F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official
13 participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266,
14 268 (9th Cir. 1982).

15 Plaintiff should take care to only raise claims that are properly joined in one action.  Rule
16 20(a) provides that all persons may be joined in one action as defendants if "any right to relief is
17 asserted against them jointly, severally, or in the alternative with respect to or arising out of the
18 same transaction, occurrence, or series of transactions or occurrences" and "any question of law
19 or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  See also
20 George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against unrelated
21 defendants belong in different suits").  If unrelated claims are improperly joined, the court may
22 dismiss them without prejudice.  Fed. R. Civ. P. 21; 7 Alan Wright, Arthur Miller & Mary Kay
23 Kane, Richard Marcus, Federal Practice and Procedure § 1684 (3d ed. 2012); Michaels Building
24 Co. v. Ameritrust Co., 848 F.2d 674, 682 (6th Cir. 1988) (affirming dismissing under Rule 21 of
25 certain defendants where claims against those defendants did not arise out of the same transaction
26 or occurrences, as required by Rule 20(a)).

27 In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
28 make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

7

complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, to assist plaintiff in organizing his claims and ensuring that he sets forth the requested relief, plaintiff is required to file his amended complaint on the court's complaint form.

Motion to Reconsider Motion to Consolidate

In his complaint, plaintiff asks the court to reconsider the prior denial of his motion to consolidate the court complaints filed in this district. However, plaintiff again fails to demonstrate that his pending cases involve a common question of law or fact; indeed, as set forth above, even in this action plaintiff sets forth different facts involving different defendants. Pending case no. 2:21-cv-1413 KJM KJN challenges a rules violation report involving different defendants, and case no. 2:21-cv-1414 raises issues concerning his access to the court, also against different defendants. The exhibits provided by plaintiff do not support such consolidation. Plaintiff's request for reconsideration is denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

   **Plaintiff is required to file his amended complaint on the court's complaint form.** Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

   5. Plaintiff's request for reconsideration (ECF No. 18) is denied.

   6. The Clerk of the Court shall send plaintiff the form for filing a civil rights complaint by a prisoner.

Dated: June 7, 2022

                KENDALL J. NEWMAN
                UNITED STATES MAGISTRATE JUDGE

/brad1412.14n

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>Plaintiff,<br><br>v.<br><br>G. CHURCH, et al.,<br><br>Defendants. | No. 2:21-cv-1412 JAM KJN P<br><br>NOTICE OF AMENDMENT |

Plaintiff hereby submits the following document in compliance with the court's order filed_____.

DATED: _____    Amended Complaint

_____
Plaintiff