UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| RAYMOND ALFORD BRADFORD, | No. 2: 21-cv-1412 DAD KJN P |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| G. CHURCH, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion for reconsideration of the June 7, 2022 order dismissing plaintiff's complaint with leave to amend.  (ECF No. 23.)  In the same pleading, plaintiff requests a temporary restraining order and appointment of a guardian ad litem. (Id.)

For the reasons stated herein, plaintiff's motions for reconsideration, for appointment of a guardian ad litem, and for a temporary restraining order are denied.

Request for Reconsideration

Plaintiff's request for reconsideration is made pursuant to Federal Rules of Civil Procedure 59(e) and 60(b).  The undersigned construes the motion for reconsideration as addressed to the undersigned.

////

Motions for reconsideration are governed by Federal Rules of Civil Procedure 59(e) and 60(b).  Tawfilis v. Allergan, Inc., 2015 WL 9982762, at *1 (C.D. Cal. Dec. 14, 2014).  A motion for reconsideration "is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'"  America Unites for Kids v. Lyon, 2015 WL 5822578, at *1 (C.D. Cal. Sept. 30, 2015) (citation omitted).  As a result, "a motion for reconsideration should not be granted absent highly unusual circumstances," such as where a district court "is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999) (discussing motions for reconsideration under Rule 59(e)).

After reviewing plaintiff's motion for reconsideration, the undersigned finds that plaintiff fails to demonstrate highly unusual circumstances warranting reconsideration of the June 7, 2022 order.  Accordingly, plaintiff's motion for reconsideration is denied.  Plaintiff is granted thirty days from the date of this order to file an amended complaint.

Request for Appointment of Guardian ad Litem

Under Federal Rule of Civil Procedure 17(c)(2), "[t]he court must appoint a guardian ad litem -- or issue another appropriate order -- to protect a minor or incompetent person who is unrepresented in an action."  Id.  "Although the court has broad discretion and need not appoint a guardian ad litem if it determines the person is or can be otherwise adequately protected, it is under a legal obligation to consider whether the person is adequately protected."  United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash., 795 F.2d 796, 805 (9th Cir. 1986).  "Ordinarily, 'when a substantial question exists regarding the mental competence of a party proceeding pro se, the proper procedure is for the district court to conduct a hearing to determine competence, so a guardian ad litem can be appointed, if necessary.'"  Harris v. Mangum, 863 F.3d 1133, 1138 (9th Cir. 2017) (quoting Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005)).  If an "incompetent person is unrepresented, the court should not enter a judgment which operates as a judgment on the merits without complying with Rule 17(c)."  Krain v. Smallwood, 880 F.2d 1119, 1121 (9th Cir. 1989).

////

Plaintiff claims that his Interdisciplinary Treatment Team ("IDTT") declared plaintiff incompetent to litigate his civil suit and could not participate in his own deposition due to an alleged mental illness causing his suit to be dismissed, and resulting in his physical condition to deteriorate. (ECF No. 23 at 6.) Plaintiff relies on the declaration of Joseph R. Wheeler, counsel for defendants in Bradford v. Usher, No. 1:17-cv-1128 SAB (PC) (E.D. Cal. May 18, 2021).[1] (Id. at 12.)

However, Wheeler's declaration does not request or state that 1:17-cv-1128 was dismissed due to plaintiff's inability to attend the deposition because of his mental health issues, but rather sought to modify the scheduling order to obtain an extension of time to depose plaintiff and to file dispositive motions. (Id. at 11-12.) Moreover, review of the court's docket reflects that the request for modification of the scheduling order filed in 1:17-cv-1128 was granted. (1:17-cv-1128 (ECF No. 115.)) In addition, case 1:17-cv-1128 was subsequently dismissed at plaintiff's voluntary request after defendants filed a statement of non-opposition to the request. (1:17-cv-1128) (ECF Nos. 129, 131, 132.)) Plaintiff is presently pursuing a pro se appeal in the Court of Appeals for the Ninth Circuit, No. 21-16253. (1:17-cv-1128 (ECF Nos. 133, 134.))

Plaintiff provided evidence that he was housed in a mental health crisis bed in May of 2021. Such evidence, standing alone, does not demonstrate that plaintiff is incompetent or provide substantial evidence of his incompetence. Indeed, in May 2021, plaintiff was housed at the California Health Care Facility. At the time he filed the pending motion, plaintiff was housed at California State Prison, Los Angeles. (ECF No. 23 at 1.) In addition, plaintiff has diligently advocated on behalf of himself, both in this case and other cases. His request for reconsideration included various case citations. Although plaintiff's complaint was dismissed, he was granted leave to file an amended complaint; no judgment has been entered.

Accordingly, plaintiff's request for appointment of a guardian ad litem is denied without

---

[1] Plaintiff's request to take judicial notice of Wheeler's declaration is granted. A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

3

prejudice.

Request for Preliminary Relief

In his request, plaintiff claims that a preliminary injunction and temporary restraining order are necessary because he is under imminent danger daily and if the court does not intervene immediately, he will continue to suffer irreparable harm, as stated in his original complaint and as shown in his exhibits.

*Governing Law*

A temporary restraining order preserves the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed only to prevent irreparable loss of rights prior to judgment. Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, 415 U.S. 423, 439 (1974). The standards for both forms of relief are essentially the same. See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) ("Because our analysis is substantially identical for the injunction and the TRO [temporary restraining order], we do not address the TRO separately.").

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008) (citations omitted); Epona v. Cty. of Ventura, 876 F.3d 1214, 1227 (9th Cir. 2017). The party seeking a preliminary injunction must establish that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter, 555 U.S. at 20 (citations omitted); see also American Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter, 555 U.S. at 20); Fed. R. Civ. P. 65 (governing both temporary restraining orders and preliminary injunctions). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. See Winter, 555 U.S. at 22 (citation omitted). Also, an injunction against individuals not parties to an action is strongly disfavored. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment . . . resulting from litigation in which he is not designated as a party. . . . ").

Further, a plaintiff seeking preliminary injunctive relief must demonstrate a sufficient

nexus between the injury claimed in the motion and the conduct asserted in the underlying complaint. Pacific Radiation Oncology, LLC v. Queen's Medical Ctr., 810 F.3d 631, 636 (9th Cir. 2015). "The relationship . . . is sufficiently strong where the preliminary injunction would grant relief of the same character as that which may be granted finally." Id. (quotation marks omitted). "Absent that relationship or nexus, the district court lacks authority to grant the relief requested." Id.; see Saddiq v. Ryan, 703 F. App'x 570, 572 (9th Cir. 2017) (unpublished) (affirming denial of preliminary injunction because the prisoner did not establish a nexus between the claims of retaliation in his motion and the claims set forth in his complaint).

*Discussion*

Because plaintiff's complaint was dismissed with leave to amend, plaintiff has not demonstrated the likelihood of success on the merits of his claims. In addition, the court is unable to determine whether the prospective injury alleged in his motion differs from the claims he intends to pursue in this action. "[T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying claim." Pacific Radiation Oncology, LLC, 810 F.3d at 636. Therefore, to the extent plaintiff seeks injunctive relief, he must do so after he has filed a second amended complaint, and demonstrated that his requested relief bears a relationship to his underlying claims.

For the reasons discussed above, plaintiff's motion for injunctive relief is denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration (ECF No. 23) is denied; upon reconsideration, the June 7, 2022 order (ECF No. 20) is affirmed;

2. Plaintiff is granted thirty days from the date of this order to file an amended complaint that complies with the June 7, 2022 order. Plaintiff is cautioned that failure to file an amended complaint will result in a recommendation that this action be dismissed;

3. Plaintiff's motion for appointment of guardian ad litem (ECF No. 23) is denied without prejudice; and

////

1     4. Plaintiff's motion for injunctive relief (ECF No. 23) is denied without prejudice.

2  Dated: September 28, 2022

*[Signature]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Brad1412.req