UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>Plaintiff,<br><br>v.<br><br>G. CHURCH, et al.,<br><br>Defendants. | No. 2:21-cv-01412-DAD-KJN (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR RECONSIDERATION OF THE ASSIGNED MAGISTRATE JUDGE'S SEPTEMBER 28, 2022 ORDER<br><br>(Doc. No. 27) |

Plaintiff Raymond Alford Bradford is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 28, 2022, the assigned magistrate judge issued an order denying plaintiff's motion for injunctive relief without prejudice and denying plaintiff's motion for reconsideration of the court's June 7, 2022 order (Doc. No. 20) dismissing plaintiff's original and first amended complaints with leave to amend. (Doc. No. 26.) Therein, the court explained that "to the extent plaintiff seeks injunctive relief, he must do so after he has filed a second amended complaint, and demonstrated that his requested relief bears a relationship to his underlying claims." (*Id.* at 5.)

On October 31, 2022, plaintiff filed a document titled "Plaintiff's Objection to Magistrate Judge's September 28, 2022 order in its entirety," which is difficult to decipher and purports to be a motion for reconsideration brought pursuant to half a dozen Federal Rules of Civil Procedure.

1

(Doc. No. 27.)  Accordingly, the undersigned will construe plaintiff's filing as a "Request for Reconsideration by the District Court of Magistrate Judge's Ruling," as provided by Local Rule 303(c).  The standard of review for "all such requests is the 'clearly erroneous or contrary to law' standard set forth in 28 U.S.C. § 636(b)(1)(A)."  L.R. 303(f) (citing Fed. R. Civ. P. 72(a)).

Federal Rule of Civil Procedure 72(a) provides that non-dispositive pretrial matters may be referred to and decided by a magistrate judge, subject to review by the assigned district judge.  Fed. R. Civ. P. 72 (a); *see also* L.R. 303(c).  The district judge shall modify or set aside any part of the magistrate judge's order which is "found to be clearly erroneous or contrary to law."  L.R. 303(f); *see also* 28 U.S.C. § 636(b)(1)(A).  The magistrate judge's factual determinations are reviewed for clear error, while legal conclusions are reviewed to determine whether they are contrary to law.  *United States v. McConney*, 728 F.2d 1195, 1200–01 (9th Cir. 1984), *overruled on other grounds by Estate of Merchant v. CIR*, 947 F.2d 1390 (9th Cir. 1991).  "A magistrate judge's decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an element of [the] applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure."  *Martin v. Loadholt*, No. 1:10-cv-00156-LJO-MJS, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014).  "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed."  *Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993) (internal quotation marks omitted).

Here, plaintiff does not articulate any basis for reconsideration, nor explain how the magistrate judge's September 28, 2022 order is "clearly erroneous or contrary to law."  Indeed, it is not clear what plaintiff finds objectionable with that order, particularly given that plaintiff was granted leave to file a further amended complaint and his motion for injunctive relief was denied without prejudice to him seeking injunctive relief after filing his second amended complaint.  Moreover, plaintiff's filing includes a section titled "Supplemental Complaint," which lists several causes of action and attaches exhibits, suggesting that plaintiff intends to amend his complaint as provided in the September 28, 2022 order.  (Doc. No. 27 at 7–17).  To date, plaintiff has not filed a second amended complaint as directed.

Accordingly, the court will deny plaintiff's request for reconsideration of the magistrate judge's September 28, 2022 order.

In addition, out of an abundance of caution, the court will grant plaintiff leave to file a second amended complaint within thirty (30) days from the date this order. Plaintiff is reminded that the second amended complaint must comply with the requirements set forth in the court's June 7, 2022 order.

Accordingly,

1. Plaintiff's request for reconsideration of the magistrate judge's September 28, 2022 order (Doc. No. 27) is denied;

2. Within thirty (30) days from the date of this order, plaintiff shall file a second amended complaint in compliance with the requirements set forth in the court's June 7, 2022 order (Doc. No. 20); and

3. Plaintiff is warned that his failure to file a second amended complaint as directed may result in the dismissal of this action.

IT IS SO ORDERED.

Dated:   **December 20, 2022**

_____
UNITED STATES DISTRICT JUDGE